UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2021 MAY 19 P 2: 48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| WHITNEY GRAVES § | |
| Plaintiff, § | |
| v. § | Civil Action No.: 1:21-CV-361- |
| OLYMPUS CORPORATION § | |
| OF THE AMERICAS, § | DEMAND FOR JURY TRIAL |
| Defendant. § | |

## COMPLAINT

### INTRODUCTION

1.  This is an action for redress of unlawful conduct committed by the Defendant in violation of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. 2000(e) et. seq., and for breach of contract and fraud under state law. The Plaintiff requests a trial by jury of all issues so triable to a jury.

### PARTIES

2.  At all relevant times herein, the Plaintiff, Whitney Graves (hereinafter "Plaintiff" or "Ms. Graves") has been an Alabama resident over age 19 and was an applicant for purposes of Title VII, 42 U.S.C. 2000e-2.

3.  Olympus Corporation of the Americas ("Olympus") is a Pennsylvania corporation, registered to do business in the State of Alabama. Upon information and belief, Olympus is engaged in commerce in Alabama and does business in Houston County, Alabama. It employs more than 15 people and is an employer for purposes of Title VII, 42 U.S.C. 2000e and all purposes herein.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, 29 U.S.C. §2617, and 42 U.S.C. 2000e-2.

5. Olympus Corporation of the Americas ("Defendant") contacted and interviewed the Plaintiff in primarily in Houston County, Alabama where most of the events or omissions giving rise to the Plaintiff's claims occurred. Additionally, the territory covered by the employment position at issue in this case encompassed Houston County, Alabama. For these reasons, venue in the Middle District of Alabama is proper pursuant to 28 U.S.C. §1391.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission on April 20, 2020. The EEOC Dismissal and Notice of Rights was issued on and received by the Plaintiff through counsel on February 18, 2021. This Complaint is filed within ninety (90) days of Plaintiff's receipt of her Notice of Rights.

## STATEMENT OF FACTS

7. On or about October 2, 2019, Trish Parry, a recruiter from Kaizen Executive, contacted Ms. Graves to see if she would be interested in a position with Olympus, a medical device sales organization. Ms. Graves responded that she was interested in the position and wanted more information.

8. On or about October 24, 2019, Mr. Charlie Conboy, the Regional Vice President, contacted Ms. Graves for the first phone screen interview. Mr. Conboy indicated he had concerns about Ms. Graves living in Dothan, Alabama as the territory included the Mobile, Alabama area. However, they also discussed Ms. Graves' resume, prior experience, and

qualifications, and in closing Mr. Conboy told Ms. Graves that he did not have any more hesitations about her location and would like to schedule an in-person interview.

9. On or about October 31, 2019, Ms. Graves drove to Birmingham, Alabama to meet Mr. Conboy for the scheduled interview. Despite Mr. Conboy's previous assertion that he did not have any reservations about her location, he again told Ms. Graves that his only hesitation was her location. However, they discussed that the former male representative in this position lived in Dothan for a period of time and successfully worked this territory. Ms. Graves told Mr. Conboy that her current job included the Mobile area and she had successfully managed this area for the last five years. At the conclusion of the meeting, Mr. Conboy told Ms. Graves that he was interested in a second interview.

10. Approximately one week later, on November 5, 2019, Ms. Graves drove to Montgomery, Alabama for the second interview. During the interview, Mr. Conboy again told Ms. Graves that he no longer had any hesitations about her location and gave her the contact information of another representative of the company, Paighton Spiros, to schedule a third interview and "field ride."

11. On or about November 11, 2019, Ms. Graves traveled to Atlanta, Georgia for the third round interview and field ride. After the conclusion of the field ride, Ms. Spiros told Ms. Graves she was the "top and final candidate." Later that night, Ms. Graves and Mr. Conboy spoke again and Mr. Conboy told Ms. Graves that she was the final candidate and that he would like her to meet his manager, Steve Lambert.

12. On or about November 16, 2019, Ms. Graves and Mr. Lambert had a phone call and Mr. Lambert also told Ms. Graves that she was the final candidate and that he had no hesitations in offering her the position.

13. The following day, on or about November 17, 2019, Mr. Conboy called Ms. Graves again to reassure her that she was the final candidate, and that the job was hers as long as her references checked out.

14. On or about November 21, 2019, Mr. Conboy called all of Ms. Graves' references, including her manager and informed them of her intentions to begin employment with Olympus. After speaking with Ms. Graves' references, Mr. Conboy extended a formal verbal offer with a potential start date of December 16, 2019.

15. On or about November 22, 2019, Ms. Graves received the employment contract from Human Resources and was told that she only had three business days to sign it. However, she had unanswered questions about training dates and her potential start date, because of already scheduled family commitments during the holidays. Ms. Graves called Mr. Conboy to discuss these issues, so that she knew whether or not she needed to cancel her previously scheduled family vacation but he told her he was leaving for vacation, to hold off on signing the contract and that they would discuss these issues when he returned. She asked Mr. Conboy about the three day deadline, stating that she intended to take the job and he told not to worry about that, it would not be an issue.

16. On or about December 2, 2019, Mr. Conboy returned from his vacation and informed Ms. Graves that he wanted to revisit another candidate for the position.

17. On or about December 6, 2019, Mr. Conboy called Ms. Graves and informed her that he would not be moving forward with her as a candidate for employment.

18. On or about December 9, 2019, Ms. Graves and Mr. Conboy had a final phone call and Mr. Conboy informed Ms. Graves that he had hesitations in hiring Ms. Graves due to her involvement with her family and being a single mother to her son. During the conversation,

Mr. Conboy also told Ms. Graves that he chose a male candidate with less than three years of experience.

19. At all relevant times Mr. Conboy was acting in the line and scope of his employment with Olympus and/or was acting as their agent.

## COUNT ONE
## TITLE VII – SEX DISCRIMINATION

20. Plaintiff realleges and incorporates by reference the factual allegations in paragraphs 1-19 above as if fully stated herein.

21. Title VII of the Civil Rights Act of 1964, as amended, states that "no employer shall fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).

22. The Defendant, through Mr. Conboy, engaged in unlawful sex discrimination and violated Title VII as follows: (1) Telling Ms. Graves that he had hesitations about hiring Ms. Graves due to her involvement with her family; (2) Telling Ms. Graves that he had hesitations about hiring Ms. Graves due to her being a single mother to her son.

23. As a proximate result of the foregoing acts and omissions of the Defendant, the Plaintiff has suffered damages including, but not limited to, loss of earnings, benefits, and other pecuniary loss as well as severe emotional and mental distress, anguish, humiliation, embarrassment and anxiety.

24. Defendant's conduct was willful, malicious, and intentional and in conscious disregard of Plaintiff's rights and the law and therefore justifies an award of punitive and exemplary damages in an amount to be determined at trial.

25. As a result of the Defendant's acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by law.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor and against the Defendant for all such damages allowed by law, including but not limited to compensatory damages, punitive damages and attorneys' fees.

## COUNT TWO
## BREACH OF CONTRACT

26. The Plaintiff realleges and incorporates paragraphs 1-19 by reference as if fully restated herein.

27. Ms. Graves and Olympus entered into a valid and binding contract when Mr. Conboy verbally offered Ms. Graves the position and she accepted.

28. Thereafter, Olympus, through Mr. Conboy, breached the contract on or about December 9, 2019 when he rescinded the contract and hired another individual.

29. As the proximate result of the Defendant's breach, the Plaintiff suffered damages including loss of earnings, benefits, interest, costs and other pecuniary loss.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor against the Defendant herein for all such damages allowed under Alabama law for breach of the Contract.

## COUNT THREE
## FRAUD

30. The Plaintiff realleges and incorporates paragraphs 1-19 by reference as if fully restated herein.

31. This action is brought pursuant to the Code of Alabama §§ 6-5-100 and 6-5-101.

32. During the conversation between Ms. Graves and Mr. Conboy on November 22, 2019, Ms. Graves had unanswered questions about training dates and her potential start date, because of a previously scheduled family vacation over the holidays. Ms. Graves called Mr. Conboy to discuss these issues, but he told her he was leaving for vacation and to hold off on signing the contract and that they would discuss these issues when he returned.

33. Plaintiff asked Mr. Conboy about the three day deadline, stating that she intended to take the job and he told not to worry about that, it would not be an issue.

34. Mr. Conboy's representations were false and Mr. Conboy knew they were false, but acted with the intention Ms. Graves would rely on them.

35. Ms. Graves believed Mr. Conboy's representations and relied and acted upon them by not signing the employment contract and waiting for Mr. Conboy to return from vacation.

36. As the proximate result of the Defendant's breach, the Plaintiff suffered damages including loss of earnings, benefits, interest, costs and other pecuniary loss.

WHEREFORE, the Plaintiff prays that judgment be entered in her favor against the Defendant herein for all such damages allowed by law, including but not limited to compensatory damages, punitive damages and attorneys' fees.

Respectfully submitted this 18th day of May, 2021.

*[signature: M. Amelia Mitta]*
M. Amelia Mitta (ASB-4480-B18P)
Ashton Ott (ASB-7085-E58A)
FARMERPRICE LLP
100 Adris Place
Dothan, Alabama 36303
Tel:   334/793-2424
Fax:   334/793-6624

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE TO A JURY.**

*[signature: M. Amelia Mitta]*
M. Amelia Mitta

**SERVE DEFENDANT AT:**

Olympus Corporation of the Americas
Corporation Service Company Inc.
641 South Lawrence Street
Montgomery, AL 36104